**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

November 29, 2007

# NOTICE OF CORRECTION

From:   Clerk's Office

Case Style:   Boissonneau v. Tibbs et al

Case Number:   2:07cv00914-MHT

**This Notice of Correction was filed in the referenced case this date to attach the correct PDF document previously attached to include an electronic signature for the certificate of service.**

**The correct PDF document is attached to this notice for your review.   Reference is made to document # 20   filed on   November 28, 2007.**

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **MICHAEL RONNIE BOISSONNEAU,** | * |
| | * |
| Plaintiff, | * |
| | *   Civil Action No. |
| vs. | *   2:07-cv-914-MHT |
| | * |
| **DAVID TIBBS, etc., et al.,** | * |
| | * |
| Defendants. | * |

**SPECIAL REPORT**

COMES NOW the Defendant D. T. Marshall, Sheriff of Montgomery County, Alabama, and submits the following Special Report to this Court.

**DOCUMENTS**

Affidavit of D.T. Marshall

Affidavit of Gina M. Savage

**PLAINTIFF'S ALLEGATIONS**

In Count I and II of the Complaint, Plaintiff asserts claims for excessive force, and unlawful arrest and search against Defendant Tibbs. In Count III of the Complaint, Plaintiff asserts a claim against Sheriff D.T. Marshall and the Staff at the Montgomery County Detention Facility for deliberate indifference to medical needs. Plaintiff claims that when he was incarcerated at the Montgomery County Detention Facility on January 30, 2007, he was not examined by medical personnel, and he was made to sleep on a mattress on the floor. He further claims that he was denied medical treatment for a period of two weeks. (Complaint, p. 2) Plaintiff seeks monetary damages and injunctive relief against the Defendant Marshall.

1

# FACTS

Plaintiff Michael Ronnie Boissonneau, a pre trial detainee, was booked into the Montgomery County Detention Facility on January 30, 2007, charged with Reckless Endangerment, Assault II and Resisting Arrest. (Gina Savage Affidavit, ¶ 3) Bond was fixed at $6,500.00. (Id.) Charges of Escape I were added and his bond was increased to $7,500.00.(Id.)

When Plaintiff was booked into the facility at 1630 hours on January 30, 2007, the Lieutenant on duty was advised that Plaintiff had suffered injuries during his arrest and that he had been treated at Jackson Hospital Emergency Room. (Gina Savage Affidavit, ¶ 3; Incident Report attached thereto, pp. 1-2; medical record attached thereto, p. 44) The arresting officer presented the medical discharge paperwork. (Id.) The medical nurse on duty reported to booking to examine Plaintiff at 1835 hours. (Gina Savage Affidavit, ¶ 3; Nurses notes attached thereto, pp. 3-4) The nurse's notes indicate that Plaintiff suffered edema to bilateral eyes with 2 stitches above left eye. (Id.) His face and nose were red with dried blood on his nose and checks. (Id.) Edema was also noted on the left side of back with discoloration. (Id) His eyes and the left side of his body were also tender to touch. (Id.) After being examined, Plaintiff was placed in a holding cell. (Gina Savage Affidavit, ¶ 4) At approximately 2130 hours he was showered and dressed in facility clothing. (Gina Savage Affidavit, ¶ 3; Incident Report attached thereto, p. 1)

Plaintiff was seen by Dr. Nichols of Southern Health Partner's, Inc., on January 30, 2007, and was prescribed Percogesic for rib fractures. (Gina Savage Affidavit, ¶ 4; medical record attached thereto, p. 59) Plaintiff was examined again on February 4, 2007,

and then transported to Baptist ER on February 4, 2007, for follow-up. (Gina Savage Affidavit, ¶ 4; Nurse's notes attached thereto, p. 57; records from Baptist Health, pp. 17-46, 60) Numerous lab tests were conducted and reviewed by medical personnel with normal results. (Gina Savage Affidavit, ¶ 4; medical records attached thereto, pp. 21-34) On February 6, 2007, Plaintiff was prescribed Doxycycline for bronchitis and continued on Coumadin, which he was taking prior to entering the facility. (Gina Savage Affidavit, ¶ 4; medical record attached thereto, pp. 59, 61)

Upon being booked into the facility, Plaintiff was housed in a first floor holding cell for medical observation. (Gina Savage Affidavit, ¶ 4) He was observed continuously by medical personnel and detention facility staff until February 12, 2007, when he was removed from the first floor holding cell and placed in general population. (Id.; observation notes attached thereto, pp. 8-15)

Plaintiff was seen by medical personnel on March 13, 2007. (Gina Savage Affidavit, ¶ 4; medical record attached thereto, p. 59) Plaintiff submitted sick call requests for miscellaneous medical complaints and was seen by medical personnel on May, 25, 2007, June 26, 2007, July 11, 2207, July 18, 2007, and July 30, 2007. (Id., see also medical records attached thereto, pp.62-71) Plaintiff did not file a grievance or complaint regarding lack of medical treatment while incarcerated at the Montgomery County Detention Facility. (Gina Savage Affidavit, ¶ 5) Plaintiff was released from the Montgomery County Detention Facility on November 15, 2007. (Gina Savage Affidavit, ¶ 6) He was never denied medical treatment while incarcerated in the Montgomery County Detention Facility. (Id.) It is the policy of the Montgomery County Detention Facility that every effort will be made on the part of facility personnel to

3

ensure safe custody, decent living conditions, and fair treatment for all inmates. (D. T. Marshall Affidavit, ¶ 3) The total daily operations of the Montgomery County Detention Facility are the responsibility of the Director of the Montgomery County Detention Facility. (Id. at ¶ 2)

Sheriff Marshall has never had any contact with the Plaintiff and has no knowledge of the Plaintiff's medical treatment or medical condition while incarcerated at the Montgomery County Detention Facility. (D.T. Marshall Affidavit, ¶ 3) Montgomery County has contracted with an outside medical services company to provide medical treatment to the inmates at the facility. (Id. at ¶ 3)

## DEFENSES

1. The Complaint fails to state a claim against Defendant Marshall upon which relief can be granted.

2. Defendant did not violate any of the Plaintiff's constitutional rights afforded him under law.

3. Defendant is entitled to immunity under the Eleventh Amendment to the United States Constitution with respect to Plaintiff's claims against him in his official capacity.

4. All official capacity claims against Defendant Marshall must be dismissed because in his official capacity, Defendant is not considered a "person" subject to liability under 42 U.S.C. § 1983.

5. Defendant is entitled to qualified immunity with respect to Plaintiff's claims against him in his individual capacity.

6. Defendant avers that he acted in a manner that was in accordance with previous court rulings regarding the operation of the Montgomery County Detention Facility.

7. Defendant avers that the prison regulations in question were reasonably related to legitimate penological interests.

8. Defendant avers that Plaintiff's claim for deliberate indifference to serious medical needs is due to be dismissed because Plaintiff was afforded more than adequate medical care while incarcerated at the Montgomery County Detention Facility.

9. Plaintiff's claim for emotional distress is due to be dismissed because Plaintiff has not suffered any physical injury as a result of living conditions at the Montgomery County Detention Facility.

10. Plaintiff's claims are due to be dismissed because he failed to exhaust administrative remedies.

11. Plaintiff has failed to satisfy the requirements for injunctive relief therefore all claims for injunctive relief are due to be dismissed.

**MEMORANDUM OF LAW**

A. **Official Capacity Claims.**

Plaintiff's claims against Defendant Marshall in his official capacity must be dismissed because he is entitled to immunity pursuant to the Eleventh Amendment to the United States Constitution. The Eleventh Amendment prohibits suits in federal court against States and state officials in their official capacities. *Kimel v. State of Florida Bd. of Regents,* 139 F.3d 1426, 1429 (11th Cir. 1998); *Parker v. Williams,* 862 F.2d 1471 (11th Cir. 1989). Under Alabama law, sheriffs are state officers, and tort claims brought

5

against sheriffs based on their official acts constitute suits against the State of Alabama. *Lancaster v. Monroe County,* 116 F.3d 1419, 1429 (11th Cir. 1997); *Parker v. Williams,* 862 F.2d 1471 (11th Cir. 1989), *rev'd on other grounds, Turquitt v. Jefferson County,* 137 F.3d 1285 (11th Cir. 1998).

Plaintiff's claims against Defendant Marshall in his official capacity under 42 U.S.C. §1983 should also be dismissed because in his official capacity, Defendant is not considered a "person" subject to liability under 42 U.S.C § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed. 2d 45 (1989); *Adams v. Franklin,* 111 F.Supp.2d 1255 (M.D.Ala. 2000).

**B.**     **Qualified Immunity.**

For liability under § 1983, specific acts of personal involvement in the deprivation must be shown. *Respondeat superior* liability is not cognizable under § 1983. *Braddy v. Florida Dep't. of Labor & Employment Sec.,* 133 F.3d 797, 801 (11th Cir. 1998); *Smith v. State of Alabama,* 996 F.Supp. 1203, 1212 (M.D.Ala. 1998). If the complaint does not allege that a defendant personally participated in the alleged constitutional deprivation, it should demonstrate an affirmative causal connection between the defendant's acts and the alleged constitutional deprivation in order to state a cause of action under § 1983. *Braddy,* 133 F.3d at 801-802; *Smith,* 996 F.Supp. at 1212.

The Eleventh Circuit has also imposed a "heightened pleading requirement" on plaintiffs when evaluating claims of qualified immunity. *GJR Investments, Inc. v. County of Escambia,* 132 F.3d 1359, 1367 (11th Cir. 1998). This requires that the plaintiff's complaint contain detailed allegations and specific facts concerning each defendant, which indicates what each defendant did to violate the plaintiff's rights.

6

"Otherwise, the court must conclude that the named defendants, sued in their individual capacities, are entitled to qualified immunity from claims under both §§ 1981 and 1983." *Smith v. State of Alabama,* 996 F.Supp. 1203, 1212 (M.D.Ala. 1998).

Plaintiff's Complaint fails to set forth any facts of any personal involvement of Defendant Marshall in the alleged constitutional deprivations complained of by Plaintiff. There is also no allegation demonstrating a causal connection between the alleged acts or omissions of Defendant Marshall and the Plaintiff's alleged injuries. It further appears that Sheriff Marshall is sued solely because he had supervisory authority over the Detention Director and personnel at the detention facility. Because there are no facts demonstrating any personal involvement by Defendant Marshall, he is entitled to qualified immunity.

"Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known." *Gonzales v. Lee County Housing Authority,* 161 F.3rd 1290, 1295 (11th Cir. 1998). Defendant was acting within the scope of his discretionary authority, and the burden is therefore on the Plaintiff to demonstrate that Defendant's actions rise to a constitutional violation, and that Defendant violated clearly established law. *Hope v. Pelzer,* 536 U.S. 730 (2002). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz,* 533 U.S. 194, 202 (2001). The applicable law "must be sufficiently clear that a reasonable official would understand that what he is doing

violates that right." *Anderson v.Creighton,* 483 U.S. 635, 640 (1987).  In determining whether the unlawfulness of an official's actions was clearly established, "the salient question . . . is whether the state of the law [at the time of the unconstitutional act] gave [the official] fair warning that [his] alleged treatment of [the plaintiff] was unconstitutional." *Williams v. Consol. City of Jacksonville,* 341 F.3d 1261, 1270 (11th Cir. 2003) *quoting Hope,* 536 U.S. at 741.  Plaintiff cannot meet this burden; therefore, his claims should be dismissed.

Defendant is also entitled to qualified immunity because Plaintiff has failed to allege or demonstrate a constitutional violation.  In evaluating the defense of qualified immunity, the court must first determine whether the complaint states a claim for a constitutional violation.  *Siegert v. Gilley*, 500 U.S. 226 (1991).

**Deliberate Indifference to Serious Medical Needs.**

In *Farmer v Brennan,* 511 U.S. 825, 837 (1994), the Supreme Court held that the standard of deliberate indifference equated to that of "subjective recklessness" as that term is defined in criminal law.  The official must know of an excessive risk to inmate health and disregard that risk.  *Id*. at 837-383. In other words, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id*.  An official's failure to respond to a significant risk that he should have perceived but did not is not deliberate indifference. *Id.*  Summary judgment must be granted for the official unless the plaintiff presents evidence of the official's "subjective knowledge" of a substantial risk of serious harm. *Campbell v. Sikes,* 169 F.3d 1353, 1364 (11th Cir. 1999).  In addition, "[m]edical treatment violates the Eighth Amendment only when it is 'so grossly incompetent,

8

inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' Mere incidents of negligence or malpractice do not rise to the level of constitutional violations." *Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir. 1991).

In the present case, there is no allegation that Defendant Marshall had any knowledge of the Plaintiff's medical condition, and that with knowledge of this condition, Defendant Marshall knowingly or recklessly disregarded Plaintiff's alleged medical condition by failing or refusing to provide medical attention. The undisputed evidence is that Plaintiff did in fact receive medical treatment. It is also undisputed that Defendant Marshall had no knowledge of Plaintiff's medical condition and was not involved in Plaintiff's medical treatment. (D.T. Marshall Affidavit, ¶ 3) Plaintiff's deliberate indifference claims against Defendant Marshall should therefore be dismissed.

C. **Failure to allege physical injury.**

Pursuant to the Prison Litigation Reform Act, 42 U.S.C. §1997e(c)(1), the court, on its own motion, shall dismiss a case challenging prison conditions if the court determines that an action is frivolous or fails to state a claim on which relief may be granted. 42 U.S.C. §1997 e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injuries suffered while in custody without a prior showing of physical injury." These provisions were enacted by Congress to control and curtail the flood of inmate suits that are filed in the courts. *See Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002)("The purpose of the PLRA is to curtail abusive prisoner litigation.") In accordance with this provision, the PLRA prevents recovery "for mental or emotional injury . . . without a

prior showing of physical injury." 42 U.S.C. § 1997e(e). *See also, Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1312 (11th Cir. 2002).

The Plaintiff was incarcerated at the MCDF at the time he filed this lawsuit. Plaintiff alleges no physical injury as a result of the living conditions at the Montgomery County Detention Facility. He merely alleges that he he had to sleep on a mattress on the floor and makes a generalized, conclusory allegation that he was denied medical treatment. Because Plaintiff has failed to allege a physical injury, his claims should be dismissed.

        **D.**     **Failure to exhaust administrative remedies as to claims regarding prison conditions.**

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), inmates must exhaust their administrative remedies before filing suit against prison officials. The exhaustion requirement of the PLRA is a "mandatory exhaustion requirement." *Alexander v. Hawk*, 159 F. 3d 1321, 1324 (11th Cir. 1998). The Eleventh Circuit has held that the exhaustion of administrative remedies under the PLRA is a **"pre-condition to suit."** *Id.* at 1325-1326; *see also Harris v. Garner*, 190 F. 3d 1279, 1286 (11th Cir. 1999)("For the reasons stated therein, we reaffirm that § 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies first"); *Brown v Toombs,* 139 F.3d 1102, 1104 (6th Cir. 1998), *cert. denied,* 522 U.S. 833 (1998)("District courts should enforce the exhaustion requirement *sua sponte* if not raised by the defendant.") Plaintiff's Complaint fails to allege that he exhausted his administrative remedies prior to filing this lawsuit against the Defendants. Defendant has also provided undisputed testimony that Plaintiff did not file any grievance regarding the

alleged lack of medical treatment while he was at the detention facility.  Plaintiff's Complaint should therefore be dismissed.

### E. Claims against Fictitious Defendants.

Plaintiff also appears to assert claims against fictitious parties as evidenced by the fact he has named as Defendants "D. T. Marshall, et al." (Complaint, p. 2) Some of the Plaintiff's allegations in the body of the Complaint also appear to be directed against fictitious defendants.  Plaintiff's description of these Defendants is not sufficiently clear to allow service of the Complaint on any particular person.  It appears that Plaintiff merely seeks to name fictitious defendants which is not allowed under the Federal Rules of Civil Procedure.  *See, e.g., New v. Sports & Recreation, Inc.* 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997); *Adams v. Franklin,* 111 F. Supp.2d 1255, 1259 n. 3 (M.D. Ala. 2000). All claims against fictitious defendants should therefore be dismissed.

Respectfully submitted this 28th day of November, 2007.

*s/Constance C. Walker*
Constance C. Walker (ASB-5510-L66C)
Attorney for Defendant D. T. Marshall

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, LLC**
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334)265-8573
(334) 264-7945 Fax

**CERTICATE OF SERVICE**

I hereby certify that on the 28th day of November, 2007, I electronically filed the foregoing with the Clerk of the Court using the **CM/ECF** system that will send notification of such filing to the following counsel:

Bettie J. Carmack
Assistant Attorney General
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130

Wayne P. Turner
The Law Office of Wayne P. Turner
Post Office Box 152
Montgomery, Alabama 36101-0152

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing document upon the following by causing a true and complete copy of same to be deposited in **the United States Mail,** sufficient first class postage prepaid, on this the 28th day of November, 2007, addressed as follows:

Michael Ronnie Boissonneau
3000 Lower Wetumpka Road
Deatsville, Alabama  36022

                                                       /s/Constance C. Walker
                                                       Of Counsel